**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| DAVID P. MICK,<br><br>   Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 5:25-CV-01614-CEH<br><br>JUDGE CARMEN E. HENDERSON<br>UNITED STATES MAGISTRATE JUDGE<br><br>MEMORANDUM OPINION AND ORDER |

**I. Introduction**

David P. Mick ("Mick" or "Claimant"), seeks judicial review of the final decision of the Commissioner of Social Security denying his applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). This matter is before me by consent of the parties under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (ECF No. 9). For the reasons set forth below, the Court AFFIRMS the Commissioner of Social Security's nondisability finding and DISMISSES Plaintiff's Complaint.

**II. Procedural History**

On January 16, 2023, Mick filed applications for DIB and SSI, alleging a disability onset date of September 21, 2022. (ECF No. 8, PageID #: 46). The applications were denied initially and upon reconsideration, and Mick requested a hearing before an administrative law judge ("ALJ"). (*Id.*). On May 14, 2024, an ALJ held a hearing, during which Claimant, represented by counsel, and an impartial vocational expert testified. (*Id.* at PageID #: 56-93). On August 27, 2024, the ALJ issued a written decision finding Mick was not disabled. (*Id.* at PageID #: 46-51).

1

The ALJ's decision became final on June 10, 2025, when the Appeals Council declined further review. (*Id.* at PageID #: 29-31).

On August 4, 2025, Mick filed his Complaint to challenge the Commissioner's final decision. (ECF No. 1). The parties have completed briefing in this case. (ECF Nos. 9, 10). Mick asserts a single assignment of error: "The ALJ erred at Step Two of the Sequential Evaluation when she failed to find that Plaintiff had a severe impairment related to his cerebrovascular accident with left-sided weakness." (ECF No. 9 at 1).

**III. Background**

    **A. Relevant Hearing Testimony**

The ALJ summarized the relevant testimony from Mick's hearing:

> Claimant alleges disability due to shoulder issues, balance issues, stroke, and a learning disorder. Claimant reported that he lives alone in a house and that he has difficulty using his left hand—it is not stable or strong. He had an injury to his left shoulder that weakened his arm. He can walk 1 mile and rest 5 minutes. He plays guitar, reads the Bible, and watches television.

(ECF No. 8, PageID #: 49).

    **B. Relevant Evidence**

The ALJ also summarized the relevant record evidence and explained her consideration of the evidence:

> Despite his allegations, claimant has received little medical treatment for his medically determinable impairments and when the undersigned requested he attend a consultative internal medicine examination, claimant did not cooperate (Exhibit 14E). At the initial level or review, DDS requested claimant attend an internal medicine exam, which showed that he has mild limitations with sitting due to low back pain. The claimant has no limitations with standing or walking. The claimant does not need an assistive device with regard to short and long distances and uneven terrain. The claimant does not have significant limitations with lifting or carrying weight. There are no limitations on bending, stooping,

crouching and squatting. There are no limitations on reaching. There are limitations with grasping, handling, fingering and feeling and the claimant will be able to perform these occasionally due to left hand weakness due to cerebrovascular accident. There are no relevant visual, communicative or workplace environmental limitations (Exhibit 2F). Based on the exam, the State Agency concluded that claimant could perform medium exertion work; however, the undersigned disagrees (Exhibits 2A; 7A). The objective medical evidence, notwithstanding the consultative examination, is a treatment note from claimant's primary care physician, from March 2023. Claimant had no complaints and reported feeling well. His physical examination was negative for any abnormality; he was alert, well oriented, had good reflexes, full strength, normal range of motion, and normal mood and affect. He was treated for hypertension, hypercholesterolemia, heartburn, and vitamin D deficiency. The doctor did not note claimant's history of stroke or that stroke residual was seen on examination of claimant's upper extremities (Exhibit 3F). The same findings are noted on an examination from September 2022. In fact, there are no changes noted from September 2022 to the last noted examination in March 2023, nor are there changes seen subsequent to March 2023 considering there is no additional medical evidence since that time.

(ECF No. 8, PageID #: 50).

## IV. The ALJ's Decision

The ALJ made the following findings relevant to this appeal:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2026.

2. The claimant has not engaged in substantial gainful activity since September 21, 2022, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).

3. The claimant has the following medically determinable impairments: cerebrovascular accident with left-sided weakness (20 CFR 404.1521 et seq. and 416.921 et seq.).

4. The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does

> not have a severe impairment or combination of impairments (20 CFR 404.1521 et seq. and 416.921 et seq.).
>
> 5. The claimant has not been under a disability, as defined in the Social Security Act, from September 21, 2022, through the date of this decision (20 CFR 404.1520(c) and 416.920(c)).

(ECF No. 8, PageID #: 48-49, 51).

## V. Law & Analysis

### A. Standard of Review

The Court's review "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994)).

"After the Appeals Council reviews the ALJ's decision, the determination of the council becomes the final decision of the Secretary and is subject to review by this Court." *Olive v. Comm'r of Soc. Sec.*, No. 3:06 CV 1597, 2007 WL 5403416, at *2 (N.D. Ohio Sept. 19, 2007) (citing *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990); *Mullen v. Bowen*, 800 F.2d 535, 538 (6th Cir. 1986) (*en banc*)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, "even if a reviewing court would decide the matter differently." *Id.* (citing 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059–60 (6th Cir. 1983)).

### B. Standard for Disability

The Social Security regulations outline a five-step process that the ALJ must use in determining whether a claimant is entitled to supplemental-security income or disability-

insurance benefits: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether that impairment, or combination of impairments, meets or equals any of the listings in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) if not, whether the claimant can perform her past relevant work in light of her residual functional capacity ("RFC"); and (5) if not, whether, based on the claimant's age, education, and work experience, she can perform other work found in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)–(v); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642–43 (6th Cir. 2006). The claimant bears the ultimate burden of producing sufficient evidence to prove that she is disabled and, thus, entitled to benefits. 20 C.F.R. § 404.1512(a). Specifically, the claimant has the burden of proof in steps one through four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). The burden shifts to the Commissioner at step five to establish whether the claimant has the residual functional capacity to perform available work in the national economy. *Id.*

### C. Discussion

Mick raises a single issue on appeal, arguing the ALJ erred when she failed to find that Plaintiff had a severe impairment related to his cerebrovascular accident with left-sided weakness. (ECF No. 9 at 1). Plaintiff highlights evidence from a consultative examination with Dr. Lauren Fill; opinions from the State agency consultants; and his function report and testimony and asserts that "his physical impairments caused more than a slight abnormality and more than a minimal effect on his ability to work for a period of at least 12 consecutive months, thereby satisfying the *de minimis* threshold at Step Two of the Sequential Evaluation." (*Id.* at 7-8). Plaintiff argues the "ALJ's failure to find that Plaintiff had a severe impairment which was acknowledged by the state agency was harmful error" and "the lack of a logical bridge between

the medical evidence and the ALJ's decision prevents this Court from determining the basis of the ALJ's negative findings and meaningfully review of the ALJ's decision." (*Id.* at 9).

The Commissioner responds that Plaintiff did not carry his burden of proving he suffered from a severe impairment and the ALJ's decision was supported by substantial evidence such that it should be affirmed. (ECF No. 10 at 1). The Commissioner argues that in reaching her decision, the ALJ appropriately considered the medical evidence and Plaintiff's subjective complaints in accordance with the relevant regulations and guidance. (*Id.* at 8-12). The Commissioner highlights the ALJ's conclusion that one State agency opinion was not persuasive because it was inconsistent with evidence from Plaintiff's primary care examinations; the normal medical findings from Plaintiff's treating provider; Plaintiff's lack of medical treatment and failure to attend a consultative examination; and Plaintiff's daily activities. (*Id.*). Thus, the Commissioner position is that the ALJ "built an 'accurate and logical bridge' between the evidence of record and his conclusion that Plaintiff did not have a severe impairment" and that conclusion is supported by substantial evidence. (*Id.* at 12).

At step two of the sequential evaluation, an ALJ considers whether a claimant has "a severe medically determinable physical or mental impairment that [has lasted or is expected to last for a continuous period of at least 12 months or result in death], or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. § 404.1520(a)(4)(ii); 20 C.F.R. § 404.1509. "An impairment or combination of impairments is not severe if it does not significantly limit [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522(a). Similarly, Social Security Ruling ("SSR") 85-28 provides that "[t]he severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." SSR 85-28, 1985 WL 56856,

6

at *3). These activities include "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment, responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting." *Id.* If a claimant does not have a severe impairment, the claimant is not disabled.  20 C.F.R. § 404.1520(c).

Here, the ALJ concluded Plaintiff did not have an impairment or combination of impairments that significantly limited his ability to perform basic work-related activities for 12 consecutive months.  (ECF No. 8, PageID #: 49).  In reaching this conclusion, the ALJ cited records from a consultative examination which showed "mild limitations with sitting due to low back pain," no limitations with standing or walking; no need for an assistive device; no significant limitations with lifting or carrying; no limitations on bending, stooping, crouching, squatting, or reaching; and no relevant visual, communicative, or workplace environmental limitations.  (*Id.*; *see id.* at PageID #: 344-49).  The ALJ further noted that beyond the consultative examination, the objective medical evidence consisted of treatment notes from September 2022 and March 2023, where Plaintiff "had no complaints and reported feeling well," his examination was normal, and the "doctor did not note claimant's history of stroke or that stroke residual was seen on examination of claimant's upper extremities." (*Id.* at PageID #: 50; *see id.* at PageID #: 334-337, 356-59).

The Court agrees with the Commissioner that the evidence cited by the ALJ amounts to substantial evidence supporting her decision.  While Plaintiff largely cites his own subjective complaints and testimony, "an individual's statements of symptoms alone are not enough to establish the existence of a physical or mental impairment or disability." SSR 16-3p, 2017 WL

5180304, at *3.  Here, the ALJ properly relied on the lack of evidence supporting any limitations in concluding that Plaintiff did not suffer a severe impairment.  *See Seeley v. Comm'r of Soc. Sec.*, 600 F. App'x 387, 390-91 (6th Cir. 2015) ("When doctors' reports contain no information regarding physical limitations or the intensity, frequency, and duration of pain associated with a condition, [the Sixth Circuit] has regularly found substantial evidence to support a finding of no severe impairment."); *Higgs v. Bown*, 880 F.3d 860, 863 (6th Cir. 1988) (mere diagnosis of an impairment without any medical record detailing resulting limitation was insufficient to support a severe impairment) (collecting cases).  Overall, substantial evidence supports the ALJ's conclusion that Plaintiff did not have a severe impairment and was therefore not disabled.  The Court must defer to the ALJ's decision, "even if there is substantial evidence in the record that would have supported an opposite conclusion."  *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003).

**VI. Conclusion**

Based on the foregoing, the Court AFFIRMS the Commissioner of the Social Security Administration's final decision denying Plaintiff benefits.  Plaintiff's Complaint is DISMISSED.

Dated: January 26, 2026

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE